The margin note reads: Stowers *v.* Barnard.

---

## The West Boylston Manufacturing Company *versus* George Searle et al.

A factor sold goods of a consignor and took therefor the purchaser's negotiable note payable to the factor's own order, the purchaser knowing that the goods belonged to the consignor. The purchaser became insolvent and assigned his property in trust to pay those creditors who should become parties to the indenture of assignment; which purported to release all their demands. A schedule of debts annexed to the indenture specified, as due to the factor, the note above mentioned and a demand for money lent. The factor executed the indenture, and subsequently indorsed the note to the consignor. In an action by the consignor as indorsee of the note, against the maker, it was *held*, that parol evidence was inadmissible to show that by the execution of the indenture it was not intended to release the note; that if the factor acted without authority, yet the consignor, by his mode of declaring, affirmed the note, which must consequently operate as a payment and discharge of the original consideration ; and that the note was released by the factor's executing the indenture.

This was assumpsit on a promissory note made by the defendants, for the sum of $2944·45, dated July 1, 1829,

West Boyls-
ton Man. Co.
*v.*
Searle.

payable to Tiffany, Sayles & Hitchcock or order in eight months, and by them indorsed to the plaintiffs, without recourse. The writ also contained the general counts. The note was the only cause of action.

The defendants pleaded, 1. the general issue, which was joined; 2. that Tiffany, Sayles & Hitchcock, after the making but before the indorsement of the note, by their deed, released it to the defendants, of which the plaintiffs had notice before the indorsement.

To the second plea, the plaintiffs replied, that the note was never the property of Tiffany, Sayles & Hitchcock, but that they received it of the defendants, as commission merchants and agents for the plaintiffs, for goods sold by them in that capacity to the defendants ; and that Tiffany, Sayles & Hitchcock were never authorized to execute such release all which the defendants well knew, &c.

The defendants rejoined, that the note was the property of Tiffany, Sayles & Hitchcock, at the time of the execution of the release, that they did not receive the same for goods of the plaintiffs sold to the defendants, and that they had full authority to release the note ; and tendered an issue to the country, which was joined.

At the trial, before *Putnam* J., it was proved by the plaintiffs, that Tiffany, Sayles & Hitchcock were general commission merchants in Boston, and, as such, received goods belonging to the plaintiffs and to the Neponset Manufacturing Company, for the purpose of selling them on commission.

It was also proved, that one of the defendants, when he came to purchase, asked Tiffany which were the goods belonging to those two companies ; that Tiffany showed them to him ; that the defendants then purchased a quantity of such goods and gave the note in suit for the purchase money ; and that the amount of the goods so sold, belonging to the plaintiffs and embraced in the note, was $914·21.

It appeared, that it was the invariable practice of Tiffany, Sayles & Hitchcock, who had been commission merchants for many years in Boston, when they sold goods on commission, to make out the amounts and bills in their own name, and to take notes payable to themselves, as in the present case

On August 8, 1829, the defendants failed, and assigned <span>West Boylston Man. Co. v. Searle.</span> heir property to a trustee for the benefit of such creditors as should became parties to the indenture of assignment. The indenture purported to release the defendants from all the demands of the creditors so becoming parties.

Tiffany, Sayles & Hitchcock executed the assignment, they having, besides the note in suit, a claim against the defendants for the sum of $3000 lent by them to the defendants. Both these demands were specified in the schedule annexed to the indenture, the claim for money lent being classed with the preferred debts ; and the note, with the non-preferred debts. Tiffany, Sayles & Hitchcock did not guaranty the sales, and had no express instructions from the plaintiffs in regard to releasing debts of the nature of the note in suit. The agent of the plaintiffs disapproved of the execution of the assignment, but it did not appear when such disapproval was made known. Sayles and Hitchcock were each interested in one or the other of the two manufacturing corporations ; but Tiffany had no interest in either of them.

The plaintiffs offered to prove the circumstances under which the release was executed by Tiffany, Sayles & Hitchcock ; which they alleged would show, that it was never intended thereby to release the note in question. But the evidence was objected to by the defendants, and was rejected by the court.

At the time of the sale, the manufacturing corporations were credited with the amount of the sale of their respective goods, in the books of Tiffany, Sayles & Hitchcock, and soon after the failure of the defendants, the two corporations were charged with such amount, respectively, as a bad debt ; and accounts have been settled with them to this time, without reference to the note in question.

Tiffany, Sayles & Hitchcock received payment of the sum of $3000, before mentioned, under the assignment, but refused to receive any thing on account of the note.

On February 8, 1832, the note was indorsed to the plaintiffs. There was no consideration for the indorsement, other than the interest of the plaintiffs in the note.

If, upon these facts, the Court should be of opinion, that

West Boylston Man. Co.
v.
Searle.

the plaintiffs were entitled to recover the whole amount of the note, or such portion thereof as should be equivalent to the amount of the sales of their goods, the defendants were to be defaulted ; but otherwise, judgment was to be entered in favor of the defendants ; unless it should be considered that justice to either party required that a new trial should be granted.

*March* 17th. *C. G. Loring, F. Dexter*, and *Gardiner*, for the defendants, to the point, that the defendants had a right to infer from the circumstances, that Tiffany, Sayles & Hitchcock were the owners, and therefore that the release was valid, cited *Paterson* v. *Gandasequi*, 15 East, 62 ; and to the point, that the evidence which was offered to show, that it was not intended to release the note in suit, was inadmissible, they cited *Deland* v. *Amesbury W. & C. Man. Co.* 7 Pick. 244.

*B. Sumner* and *Willard*, for the plaintiffs, contended, that Tiffany, Sayles & Hitchcock had no authority to release this note by becoming a party to the assignment. To the point, that the evidence which was rejected, was admissible, they cited *Nichols* v. *Arnold*, 8 Pick. 172 ; *Worcester* v. *Eaton*, 11 Mass. R. 368 ; *Loker* v. *Haynes*, 11 Mass. R. 498 ; *Hill* v. *Payson*, 3 Mass. R. 559 ; *Churchill* v. *Suter*, 4 Mass. R 156.

*March* 24th. SHAW C. J. delivered the opinion of the Court. The opinion of the Court is, that the legal property in this note being in the factors as payees, at the time when they exe cuted that assignment, the legal interest in the note was thereby extinguished and no property passed by the indorsement to the plaintiffs, to enable them to recover as indorsees. Claiming as indorsees, they must stand upon the title of the promisees, and the defendants being discharged by the release, the plaintiffs are not entitled to recover.

We are also of opinion, that the evidence offered to show the circumstances, under which the release was executed, and which would have tended to show, that the note now sued was not meant thereby to be released, was rightly rejected · because it appears by the report, that the factors were holders and promisees of the note at the time, and as such had power to release it, that the words of release extended to all de

mands contained in a schedule annexed to the instrument at the time it was signed, and that the note was included in that schedule.

There was then no latent ambiguity and nothing to be explained by parol evidence. Such a reference to a schedule annexed, is of the same effect as if the notes therein specified were enumerated in the body of the instrument ; and parol evidence to show that they were not intended to be included, is no more admissible, than it would be to show that a note specifically described and released in the body of the instrument, was not intended to be released. It would be to show that what is plainly done by the release, was not intended to be done ; and this is not admissible, except for the purpose of proving fraud ; to which purpose it was not offered. It is quite distinguishable from the case of *Nichols* v. *Arnold*, 8 Pick. 172. There it was left wholly doubtful, upon the instrument, whether the note in question was or was not included. The instrument was written in such terms, that it might or might not include it, and then, conformably to a well-known rule of law, parol evidence is admissible to show what comes within the description.

Suppose a person should release all notes held by him, which had been given for domestic goods sold, or use any such similar terms of general description ; parol evidence is admissible to show what was intended, that is, what comes within the description.

The note in the case cited was made by the promisor, payable to himself and by him indorsed in blank, so that it would pass by delivery, without the indorsement of the auctioneers. From the facts, it appears, that if the factors had guarantied the sales, the note would have been their own ; if not, it was the property of the owner of the goods, and that without any indorsement. Whether it was included in the terms of the release or not, depended upon this fact, and therefore the proof of the fact was proper and necessary. Here the factors were the acknowledged holders of the note at the time, had power as such to release it, and did include t in the terms of their release, and therefore evidence to

West Boyls-
ton Man. Co.
*v.*
Searle.

show that it was not included, would be directly repugnant to the plain terms and legal effect of the instrument.

We think the question of the authority of the factors, does not arise here. The plaintiffs, by declaring on the note, affirm the note and treat it as a subsisting note, and as such, it must operate as a payment and discharge of the original consideration. The plaintiffs treat the factors as the holders, set out their title as such holders, and claim title to the note through their indorsement. It is upon this ground they claim to recover the whole note, although the sale of their goods constituted the smaller part of the consideration. In this respect they stand upon the footing of indorsees merely, and it is difficult to perceive upon what ground they can stand upon any different footing from any other indorsees, in declaring upon the note.

When it is said, that the property in a note, given for goods sold by a factor, is in his principal, where the factor has taken the note in his own name, it is true only in the sense, that he has a beneficial interest in it. The legal interest is in the payee or his indorsee. If the principal is in a condition to declare on the contract for goods sold, treating the note as a nullity or as a mere collateral security, not amounting to payment, he might probably recover in his own name. But if he declares on the note in the name of the promisee, as being the *cestui que trust* and beneficially interested, or if he declares, as indorsee, through the indorsement of such payee, he must take subject to such matters of discharge and defence, as the promisors would be able to make against the original payee, through whom he would claim ; and if without notice of any assignment, the promisors have obtained a release or other discharge from the payee, such release must bind the assignee, or indorsee.

We think it makes no difference, that the defendants in the present case, knew that the plaintiffs were owners, in part, of the goods for which the note was given. By the law of this commonwealth, a promissory note is considered as payment of a simple contract debt. It is not contended that the factors had not sufficient authority to take the note, and thereby to discharge the debt for goods sold. It does not appear,

that the factors had not advanced the whole or a considerable part of the amount. The factors having an unquestioned authority to take a negotiable note in their own name, and thereupon to cancel and discharge the simple contract debt, the note was rightly taken, and whether it was rightly held and retained by the factors as their own, or otherwise appropriated, was a question merely between them and their employers. The fact therefore, that the defendants knew, at the time of the sale, that the plaintiffs were the owners in part, of the goods sold, had no tendency to show that the factors were committing any breach of trust, when they included the note in question, being at the time payable to themselves, in their composition and release, and therefore has *no tendency* to prove fraud or collusion between the defendants and the factors, or in any respect to alter the relation in which the defendants stand to the plaintiffs and the factors respectively.

*Plaintiffs nonsuit*